**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 19-25115-Civ-WILLIAMS/TORRES

DOROTHY JACKSON,

      Plaintiff,

v.

NCL AMERICA, LLC,

      Defendant.

_____/

**REPORT AND RECOMMENDATION**
**ON DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on NCL America, LLC's ("Defendant" or "NCL") motion to dismiss Dorothy Jackson's ("Plaintiff" or "Ms. Jackson") amended complaint. [D.E. 40]. Plaintiff responded to Defendant's motion on December 11, 2020 [D.E. 42] to which Defendant replied on December 18, 2020. [D.E. 44]. Therefore, Defendant's motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, Defendant's motion to dismiss should be **DENIED**.[1]

---

[1] On December 2, 2020, the Honorable Kathleen Williams referred Defendant's motion to the undersigned Magistrate Judge for disposition. [D.E. 41].

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On December 11, 2019, Plaintiff filed a complaint against Defendant under general maritime law because she suffered injuries when she slipped and fell on an onion peel as a crewmember onboard Defendant's vessel.  [D.E. 1].  Plaintiff alleged that this was the second time that she sought maintenance and cure benefits against NCL because she filed a prior lawsuit in *Dorothy Jackson v. NCL America, LLC,* Civil Case No. 1:14-cv-23460-KMW.  The prior case included claims of Jones Act negligence, unseaworthiness, maintenance, and cure.  After a bench trial, the district court entered judgment for Plaintiff on her cure claim but it limited her recovery to the rate that Defendant would have paid for her back surgery had a physician in its network performed the surgery.[2]  The district court ruled in Defendant's favor on the other three claims.

Both parties filed cross-appeals and the Eleventh Circuit affirmed the district court in all respects on April 10, 2018.[3]  Notwithstanding the prior lawsuit, Plaintiff claimed that she had the right to bring successive lawsuits to collect maintenance and cure payments because, since the time of the prior case, Defendant has either discontinued or refused Plaintiff's demand to reinstate her benefits.  Plaintiff also

---

[2]      From 2013 to 2016, Plaintiff had two right knee surgeries, a left knee surgery, a right shoulder surgery, and a back surgery.  A physician, that Plaintiff selected, performed the surgeries but he was not within Defendant's network.  Defendant reimbursed Plaintiff at its network rate for the three knee surgeries and the shoulder surgery, as well as her office visits and physical therapy.  Defendant refused to reimburse Plaintiff for the back surgery.

[3]      The district court did not issue a written opinion on its findings of fact and conclusions of law.  Instead, the court delivered those findings orally at a hearing on November 21, 2016.  [D.E. 9-1].

alleged that she was no longer at her maximum medical improvement[4] ("MMI") and that Defendant's duty to provide maintenance and cure benefits had to continue. Plaintiff therefore filed this action, seeking compensatory damages, fees, costs, and punitive damages.

On May 14, 2020, the undersigned issued a Report and Recommendation ("R&R"), recommending that Defendant's motion to dismiss be granted without prejudice.  [D.E. 27].  Specifically, the undersigned found that Plaintiff could not seek the same relief with respect to her maintenance claim because, in the prior case, the district court entered judgment in Defendant's favor on Plaintiff's Jones Act negligence, unseaworthiness, and maintenance claims.   [D.E. 9-1 at 42] ("Defendant NCL is entitled to judgment on all of Jackson's other claims, Jones Act negligence and cure in relation to her right, left knee, right shoulder, and left ankle.").  Although the undersigned also recommended the dismissal of Plaintiff's cure claim, the R&R determined that an amended complaint could be viable if there were allegations that Plaintiff received a treatment of a curative nature for her back condition.  The Court adopted the R&R on October 13, 2020 [D.E. 32] and, after granting Plaintiff leave to amend, Defendant filed a second motion to dismiss that is now ripe for disposition. [D.E. 40].

---

[4]      MMI is reached "where it appears that the seaman's condition is incurable or that future treatment will merely relieve pain and suffering but not otherwise improve the seaman's physical condition[.]"  *Pelotto v. L & N Towing Co.*, 604 F.2d 396, 400 (5th Cir. 1979).  There is no dispute in this case that Plaintiff's physician declared her to be at MMI on June 8, 2016.  [D.E. 9-1 at 23].

## II.  APPLICABLE PRINCIPLES AND LAW

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a claim for failure to state a claim upon which relief can be granted.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Conclusory statements, assertions or labels will not survive a 12(b)(6) motion to dismiss.  *Id*.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.; *see also Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (setting forth the plausibility standard).  "Factual allegations must be enough to raise a right to relief above the speculative level[.]"  *Twombly*, 550 U.S. at 555 (citation omitted).  Additionally:

> Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").  In evaluating the sufficiency of a plaintiff's pleadings, we make reasonable inferences in Plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005).  Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id*.; *see also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

*Sinaltrainal v. Coca-Cola*, 578 F.3d 1252, 1260 (11th Cir. 2009), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449, 453 n.2, (2012).  The Eleventh Circuit has endorsed "a 'two-pronged approach' in applying these

4

principles: 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679).

## III.  ANALYSIS

Before we consider the arguments presented, a quick recap of the Court's prior analysis is helpful in the disposition of the motion to dismiss.  Last time, Defendant argued that its maintenance and cure obligations were forever terminated because Plaintiff's own physician declared her at MMI on June 8, 2016. [D.E. 9-1 at 23 ("Dr. Butler subsequently signed a maximum medical improvement form for Jackson's left knee, right knee, and lumbar spine on June 8, 2016.")].  The Court rejected that argument because it is not accurate to say that there has to be a definite and absolute end point for maintenance and cure.[5]  *See Costa Crociere, S.p.A. v. Rose*, 939 F. Supp. 1538, 1556 (S.D. Fla. 1996) ("Plaintiffs' suggestion that there must be a definite and absolute end point for maintenance and cure awards is not well-founded.").  Instead, the Court found that, to the extent Plaintiff could allege in good faith that that there was a treatment of a curative nature, she should

---

[5]     "Maintenance and cure is a contractual form of compensation afforded by the general maritime law to seamen who fall ill or are injured while in the service of a vessel."  *Jauch v. Nautical Servs., Inc.*, 470 F.3d 207, 212 (5th Cir. 2006) (citing *McCorpen v. Cent. Gulf S. S. Corp.*, 396 F.2d 547, 548 (5th Cir. 1968)).  To put it simply, "[m]aintenance is a daily stipend for living expenses," whereas "cure is the payment of medical expenses."  *Lodrigue v. Delta Towing, L.L.C.*, 2003 WL 22999425, at *6 n.51 (E.D. La. Dec. 19, 2003) (citing *Guevara v. Maritime Overseas Corp.*, 59 F.3d 1496, 1499 (5th Cir. 1995), *abrogated on other grounds by Atl. Sounding Co. v. Townsend*, 557 U.S. 404, 425 (2009)).

be allowed to file an amended complaint – with respect to her cure claim – if it falls within that exception. *Id*. at 1557 (finding that it has long been "recognized that a seaman deemed to be at the point of maximum improvement because medical science cannot now produce a betterment of his condition is entitled to seek the resumption of benefits if, at some point in the future, a treatment for his condition is discovered.") (citing *Farrell v. United States*, 336 U.S. 511, 519 (1949) (noting that the shipowner "does not contend that if [the seaman] receives future treatment of a curative nature he may not recover in a new proceeding the amount expended for such treatment and for maintenance while receiving it"); Gilmore and Black, *The Law of Admiralty,* (2nd ed. 1975), at 300 (noting that "[t]he shipowner's liability . . . appears to be unlimited in time and can be revived, with respect to an apparently hopeless case, by [advances in medical knowledge] which make a resumption in treatment advisable")).

In other words, the Court determined that a "shipowner's obligation may continue for the life of [a] seaman." *Costa Crociere, S.p.A.*, 939 F. Supp. at 1557. And this duty may continue irrespective of the financial burden or the length of time that is needed to better a seaman's condition. *Id*. at 1556 (citing *In Re Sea Ray Marine Servs., Inc.,* 105 B.R. 12, 13 (Bankr. E.D. La. 1989) (holding that maintenance and cure must be provided even during the pendency of the shipowner's bankruptcy proceeding); *Sobosle v. United States Steel Co.,* 151 F. Supp. 767, 769 (W.D. Pa. 1957) (suggesting that "maintenance and cure must continue until every approach reasonably known to medical science is applied in an effort to

6

cure the seaman")). Given this exception and the possibility that Plaintiff could allege in good faith that an available treatment exists that could cure her medical condition, the Court gave Plaintiff leave to file an amended complaint. [D.E. 27 at 17 ("But, without an allegation that there is any new treatment of a curative nature available for her back condition, it is unclear how she is at any other status other than the one she was at during the conclusion of the prior case (i.e. MMI).")].

Having now filed an amended complaint, Defendant argues that the pleading should be dismissed for a second time because Plaintiff has failed to allege that there is an available treatment that can cure her medical condition. While Plaintiff has included more details than the prior pleading, Defendant maintains that the disposition remains the same because "where it appears that the seaman's condition is incurable, or that future treatment will merely relieve pain and suffering but not otherwise improve the seaman's physical condition, it is proper to declare that the point of maximum care[.]" *Pelotto*, 604 F.2d at 400.

Defendant's motion is unpersuasive because there are now sufficient allegations in the amended complaint to fit within the exception identified above. Specifically, Plaintiff alleges that two surgeries she received in September 2017 and May 2019 have now cured her back condition, including other related medical problems:

> The plaintiff respectfully avers that the surgeries in September of 2017 and May of 2019 and other treatment she has received subsequent to the trial of this matter as set forth in Paragraph VIII has been of a curative nature. The treatment she has received subsequent to the prior proceedings was designed not merely to relieve plaintiff's pain and suffering, but to improve her physical condition, including

concerns for numbness and weakness in plaintiff's lower extremities and to address risks associated with non-treatment, including development of cauda equina syndrome and its symptoms, which include but are not limited to bowel or bladder dysfunction, sexual dysfunction, increasing pain, increasing extremity numbness or weakness, and saddle anesthesia.

[D.E. 39 at ¶ 24]; *id.* at ¶ 14 ("Subsequent to the trial of this matter as set forth in Paragraph VIII, the plaintiff's treating physician determined that the plaintiff required additional medical care of a curative nature, including additional surgery on plaintiff's lumbar spine.").

Defendant takes issue with these allegations because "Plaintiff is unable to establish that there is some kind of new treatment available for her back condition that did not exist or was otherwise unavailable." [D.E. 40 at 5]. That point is well taken, in some respects, because the amended complaint is not the most elaborate pleading. It does not, for example, explain if the treatment she received constitutes an advancement in medical knowledge, a medical oversight, or if the treatment plan was, for some other reason, unavailable at the time of the prior litigation. Yet, that should not lead to the dismissal of Plaintiff's amended complaint because there are allegations that the treatment was "designed" for her benefit. [D.E. 39 at ¶ 24]. And that suggests that Plaintiff's doctors conducted a more thorough review of her medical condition after the conclusion of the prior litigation and discovered a treatment plan to alleviate her pain and suffering.

We admit that these allegations are not flushed well out in the pleading itself. But, on a motion to dismiss, where all reasonable inferences are drawn in a plaintiff's favor, that is enough to fit within the exception to state a claim for

additional cure benefits. *See Dickinson v. Cochran*, 2020 WL 6305678, at *2 (11th Cir. Oct. 28, 2020) (stating that, on a motion to dismiss, courts accept "the facts alleged in the complaint as true and [draw] all reasonable inferences in the plaintiff's favor, keeping in mind that we are "limited to the four corners of the complaint."") (quoting *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)).

Defendant will, of course, have every opportunity to undermine these allegations during discovery, where it may be revealed that the treatment Plaintiff received was not of a curative nature. Defendant may also find evidence that the treatments Plaintiff received could have been provided at the time of the prior litigation and that Plaintiff has no answer as to how any of these surgeries constitute an advancement in medical science to undermine a prior MMI finding. *See Costa Crociere, S.p.A.*, 939 F. Supp. at 1556-57 ("Courts have long recognized that a seaman deemed to be at the point of maximum improvement because medical science cannot now produce a betterment of his condition is entitled to seek the resumption of benefits if, at some point in the future, a treatment for his condition is discovered.") (citing authorities). While those are all relevant points of inquiry, they are not well suited for a motion to dismiss because they raise factual questions that go beyond the four corners of a complaint. Therefore, Defendant's motion should be **DENIED** because – given the reasonable inferences that can be drawn from the amended complaint – Plaintiff has done just enough to survive a motion to dismiss.

## IV.  CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Defendant's motion to dismiss be **DENIED**.  [D.E. 40].

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge.  Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report.  28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 18th day of December, 2020.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge